ORIGINAL
COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 18 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MAURICE CHARLES HENRY, § <br> PETITIONER, § <br> § <br> V. § <br> § <br> DOUGLAS DRETKE, DIRECTOR, § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE, CORRECTIONAL § <br> INSTITUTIONS DIVISION, § <br> RESPONDENT. § | NO. 3:03-CV-1467-G |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### Parties

Petitioner Maurice Charles Henry is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

### Procedural History

Henry was indicted for possession of less than one gram of cocaine, enhanced with two prior felony convictions. (C.R. at 2-4.) On September 8, 2000, a jury found Henry guilty, and the trial court sentenced him to five years' confinement. (*Id.* at 19.) The Eleventh District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Henry's pro se petition for discretionary review. *Henry v. State*, No. 11-00-322-CR (Tex. App.—Eastland Aug. 2, 2001, pet. ref'd) (not designated for publication). Henry did not file a state habeas corpus

application. (Resp't Answer at Ex. B.) Henry filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on June 24, 2003. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## Factual Background

The Dallas Police Department set up surveillance in a construction site across the street from a liquor store and parking lot, which was a suspected area of drug activity. (R.R. at 167, 231-33.) Officer Phillip Elliot saw Henry and several other people standing in front of the liquor store. (*Id.* at 167-68.) A blue Buick drove into the parking lot next to the liquor store, and Henry approached the car and briefly talked to the driver. (*Id.* at 168.) Henry briefly walked out of Officer Elliot's view next to the liquor store, and the Buick drove off. (*Id.*) After Henry returned, a woman in a white car then drove into the parking lot. (*Id.*) Henry approached her car, spoke briefly to her, and then walked away in the same direction he had gone a few moments before. (*Id.* at 173.) When he returned, he walked back to the white car and conducted what seemed to be a drug transaction. (*Id.* at 173-74.) He then walked out of sight again before returning to the liquor store. (*Id.*)

The blue Buick returned to the parking lot, and Henry again talked to the driver. (*Id.* at 174-75.) Henry walked out of sight, came back holding a clear plastic bag, and gave it to the driver in exchange for "something" from the driver. (*Id.* at 175-76.) The Buick left, and Henry again walked out of Officer Elliot's view. (*Id.* at 176.) Officer Roger Rudloff, who was observing the scene from a different vantage point, saw Henry walk to an orange traffic cone, place something beneath it, and walk away. (*Id.* at 219-20.) Officer Rudloff alerted the other

officers that he had seen where he believed Henry hid his drugs. (*Id.* at 220.) While Officer Rudloff maintained constant visual contact with the traffic cone, Officer Troy Klinglesmith searched under the cone and found cocaine. (*Id.* at 222-23.) No one, other than Henry, was seen in contact with the traffic cone. (*Id.* at 222.) The police arrested Henry a short distance from the scene. (*Id.* at 223-24.) Officer Rudloff confirmed that the person arrested was the same person he had seen placing the drugs under the cone. (*Id.* at 224.)

### Issue

Henry argues that the evidence is legally and factually insufficient to support his conviction.

### Exhaustion of State Court Remedies

Dretke believes Henry has sufficiently exhausted available state remedies on the issue presented and, thus, does not move for dismissal on this ground.

### Sufficiency of the Evidence

Henry argues that the evidence is legally and factually[1] insufficient to support a finding that he knowingly and intentionally possessed the cocaine. (Federal Pet. at 7; Pet. for Discret. Rev. at 4.) To review the legal sufficiency of the evidence, a federal court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). All credibility choices and conflicting inferences are to be resolved in favor of the fact-finder.

---

[1] This court will not address Henry's factual-insufficiency argument because it is not cognizable on federal habeas review. *Fox v. Johnson*, No. 4:00-CV-291-Y, 2001 WL 432247, at *2 (N.D. Tex. Apr. 20, 2001), *adopted*, 2001 WL 540215 (N.D. Tex. May 17, 2001).

*United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000). This court must determine if the evidence is constitutionally sufficient to support the conviction, i.e., whether the evidence satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991) (quoting *Jackson*, 443 U.S. at 324 n.16). This court need not find that the evidence excluded every reasonable hypothesis of innocence or was wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could have found that the evidence, whether direct or circumstantial, and all reasonable inferences drawn from it established guilt beyond a reasonable doubt. *United States v. Salazar*, 958 F.2d 1285, 1294 (5th Cir.), *cert. denied*, 506 U.S. 863 (1992).

The state trial court implicitly found the evidence to be sufficient in denying petitioner's motion for new trial. (C.R. at 23.) TEX. R. APP. P. 21.8(c). The state court of appeals, and by implication the Court of Criminal Appeals, found the evidence sufficient in affirming Henry's conviction. *Henry*, No.11-00-322-CR, slip op. at 2-6. None of these state court determinations finding the evidence sufficient have been shown to be unreasonable or contrary to established federal law to the degree that Henry would be able to overcome the statutory standard imposed upon the federal habeas courts. 28 U.S.C. § 2254(d), (e)(1).

Indeed those courts' decisions appear both consistent with *Jackson* and based upon a reasonable determination of the facts in light of the evidence presented. To show Henry possessed the cocaine, the State had to establish that he knowingly or intentionally exercised actual care, custody, control, or management over less than one gram of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2004-05), § 481.116(a)-(b) (Vernon 2003); TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2004-05). When a defendant is not in

exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant to the drugs. *McQuarters v. State*, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref'd). This link need not exclude every other outstanding reasonable hypothesis except for Henry's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995).

Because the day was clear and sunny, all officers testified that they had a clear view of the drug deals and who was involved. (R.R. at 167, 215, 240, 264-65.) Henry was the only person the officers saw making drug deals. (*Id.* at 187.) Henry was the only person seen putting something under the traffic cone. (*Id.* at 222.) The cocaine was retrieved almost immediately after Henry put something under the traffic cone. (*Id.* at 222-23.) These facts are legally sufficient to show Henry possessed the cocaine. *E.g., Spencer v. State*, 67 S.W.3d 414, 416-17 (Tex. App.—Texarkana 2002, no pet.); *Harris v. State*, 781 S.W.2d 365, 367 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). Therefore, Henry's sufficiency-of-the-evidence claim does not entitle him to relief. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir.1993), *cert. denied*, 510 U.S. 1141 (1994).

## Summary

Henry is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Henry was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED March 18, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTION FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE